IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CLEVELAND MENTORE,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **vs.** | : | |
| | : | |
| **PACE RUNNERS, INC.,** | : | **Jury Trial Demanded** |
| | : | |
| **Defendant.** | : | |
| | : | |

---

## COMPLAINT

---

Plaintiff Cleveland Mentore ("Mentore") brings this Complaint against Defendant Pace Runners, Inc. ("Pace Runners") and shows the Court as follows:

### Introduction

1.

This is an FLSA overtime case.  It is brought because Mentore's employer, Pace Runners, misclassified him as an employee who was exempt from the FLSA's maximum hours requirement.  Consequently, it has failed to pay him at one and one half times his regular rate for work performed in excess of forty hours in any week during his employment.

**Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Pace Runners is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Mentore resides in Henry County, Georgia.

5.

Pace Runners is a corporation organized under the laws of the State of Alabama and has registered with the Georgia Secretary of State to conduct business in Georgia.

6.

Pace Runners may be served with process through its registered agent Tim Lawson located at 246 Jimmy DeLoach Parkway, Savannah, Georgia 31408.

7.

Pace Runners conducts business in Georgia from its offices and facility located in Lithia Springs, Douglas County, Georgia.

8.

Pace Runners has employed Mentore as a dispatcher in and around its Lithia Springs' offices from November 15, 2011 through the date of filing of this action ("the Relevant Time Period").

9.

At all times material hereto, Mentore has been an "employee" of Pace Runners as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**Factual Allegations**

10.

At all times during the Relevant Time Period, Pace Runners has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, Pace Runners had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, Pace Runners had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, Pace Runners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Pace Runners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Pace Runners had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Pace Runners had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Pace Runners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Pace Runners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Pace Runners had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2013, Pace Runners had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Pace Runners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Pace Runners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Pace Runners had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Pace Runners had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Pace Runners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Pace Runners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Pace Runners had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Pace Runners had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Pace Runners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2015, Pace Runners will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

31.

At all times during the Relevant Time Period, Pace Runners has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

32.

Pace Runners is a multi-regional delivery and logistics company operating in seven states.

33.

From its Lithia Springs office and its customer's warehouses, Pace Runners collects packages and products from corporate customer's warehouses and delivers them to post offices and retail stores throughout Georgia.

34.

Pace Runners is subject to the personal jurisdiction of this Court.

35.

At all times during the Relevant Time Period, Mentore's primary duty has been to monitor a computer screen on a computer employing a program that reports data regarding ongoing delivery operations; inform management of all irregular operations; communicate with drivers concerning matters affecting timely deliveries; communicate with customers regarding delivery matters; collect bills of lading from drivers and forward bills of lading and a report of exceptions to management.

36.

Mentore has never supervised any other Pace Runners employees within the meaning of the FLSA.

37.

Pace Runners has not vested Mentore with the authority to fire or hire employees.

38.

Pace Runners has not vested Mentore with the authority to make substantial business decisions on its behalf or on behalf of its customers.

39.

At all times material hereto, Mentore was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

40.

At all times material hereto, Pace Runners did not employ Mentore in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

41.

At all times material hereto, Pace Runners did not employ Mentore in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

42.

At all times material hereto, Mentore did not have the primary duty (within the meaning of 29 CFR § 541.700) of performing office or non-manual work directly related to the management or general business operations of Pace Runners or Pace

Runners' customers within the meaning of 29 CFR § 541.200(a)(2) and 29 CFR § 541.201.

43.

At all times material hereto, Mentore did not perform work in any functional area within the meaning of 29 CFR § 541.201(b))

44.

At all times material hereto, Mentore did not exercise discretion and independent judgment with respect to the matters of significance within the meaning of 29 CFR § 541.200 and 29 CFR § 541.202.

45.

At all times material hereto, Pace Runners did not employ Mentore in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Pace Runners did not employ Mentore in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

At all times material hereto, Mentore has not been engaged in activities directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of 29 CFR § 782.2.

48.

At all times material hereto, Mentore has not been an employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service 49 U.S.C § 31502 and FLSA § 13(b)(1), 29 U.S.C. § 213(b)(1).

49.

At all times material hereto, Mentore has not been exempt from the maximum hour requirements of 29 U.S.C. § 407 pursuant to the motor carrier exemption detailed in FLSA § 13(b)(1), 29 U.S.C. § 213(b)(1).

50.

Mentore has worked in excess of 40 hours per week during each and every week of his employment by Pace Runners.

51.

At all times material hereto, Pace Runners classified Mentore as an employee was exempt from the FLSA's maximum hours requirements.

52.

At all times material hereto, Pace Runners misclassified Mentore as an employee was exempt from the FLSA's maximum hours requirements.

53.

At all times material hereto, Pace Runners willfully misclassified Mentore as an employee was exempt from the FLSA's maximum hours requirements.

## Count I — Failure to Pay Overtime

### 54.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 55.

At all times material hereto, Mentore has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 56.

During his employment with Pace Runners, Mentore has regularly worked in excess of 40 hours each week.

### 57.

Pace Runners has failed to pay Mentore at one-and-one-half times his regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

### 58.

Pace Runners has willfully failed to pay Mentore at one-and-one-half times his regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

### 59.

Mentore is entitled to payment of overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the willful underpayment of overtime compensation as alleged above, Mentore is entitled to an award of liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of overtime compensation as alleged above, Mentore is entitled to his costs of litigation, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.  That Plaintiff's claims be tried before a jury;

2.  That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3.  That Defendant be permanently enjoined from violating the maximum hours provisions of the Fair Labor Standards Act;

4.  That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

5.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC**

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791
*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
Counsel for Plaintiff